# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JOHNNY HA and JENNY PHAM a/k/a JENNY HA, | |
| Plaintiffs, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| DENISE BRITT NGUYEN, | |
| Defendant. | |

## COMPLAINT

Plaintiffs Johnny Ha and Jenny Pham (also known as Jenny Ha), collectively, "Plaintiffs," by and through their undersigned counsel, and for their Complaint against Defendant Denise Britt Nguyen ("Defendant"), allege as follows:

## INTRODUCTION

1. Plaintiffs, who are citizens of the Commonwealth of Virginia, bring this diversity action against Defendant, a citizen of the State of Texas, for defamation *per se* and defamation based on statements Defendant made on the widely accessible and extremely popular Facebook website in which Defendant falsely and maliciously accuses Plaintiffs of committing criminal offenses, including crimes involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. These criminal offenses include welfare fraud, sexual abuse of an animal, bank fraud, assault with bodily fluids, and adultery. In addition, Defendant falsely accuses Mr. Ha of being a communist. Given Mr. Ha's cultural heritage and ethnicity, this defamation ranks among the worst disparagements conceivable.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Plaintiffs each seek an amount greater than $75,000 from Defendant for presumed damages, and Mr. Ha seeks amount greater than $75,000 from Defendant in compensatory damages for actual, reputational, emotional, and professional injuries suffered as a direct and proximate result of Defendant's below-described defamatory *per se* and defamatory publications. In addition, Plaintiffs seek punitive damages in an amount greater than $150,000 each.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in the Eastern District of Texas and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Texas.

## PARTIES

5. Mr. Ha is a citizen of the Commonwealth of Virginia, residing in Alexandria. He is married to Ms. Pham.

6. Ms. Pham is a citizen of the Commonwealth of Virginia, residing in Alexandria, Virginia. She is married to Mr. Ha.

7. Ms. Britt is a citizen of Texas who, upon information and belief, resides in Avinger, Texas.

## GOVERNING SUBSTANTIVE LAW

8. This is a diversity action, so this Court applies the choice-of-law principles of Texas.

9. For tort claims such as the ones in this Complaint, Texas follows the Restatement (Second) of Conflict of Laws ("Restatement (Second)") to determine the applicable substantive law.

10. Pursuant to Restatement (Second) Section 150, which governs multistate defamation, including statements published on the Internet, the applicable substantive law to be applied is the law of the state with the most significant relationship to the occurrence and the parties under the principles stated in Restatement (Second) Section 6.

11. The substantive law of Virginia governs this case because Plaintiffs are Virginia citizens and the harms caused by Defendant's defamatory statements are greatest in Virginia. In addition, Virginia has a strong interest in protecting its citizens from defamation.

**FACTUAL BACKGROUND**

12. In a publicly accessible Facebook video from August 7-8, 2022 and a publicly accessible August 31, 2022 written Facebook post, Defendant published unprovoked, vicious, false and defamatory statements in the Vietnamese language concerning Plaintiffs.

13. Defendant's below-described video and written post concerning Plaintiffs have been viewed many hundreds of times or more by numerous persons besides Plaintiffs and Defendant.

14. Defendant's video and written post falsely and maliciously accuse Plaintiffs of committing criminal offenses, including crimes involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. In addition, in the written post, Defendant falsely and maliciously accuses Mr. Ha of being a communist.

**DEFAMATORY STATEMENTS #S 1 AND 2**

15. In her Facebook text post published on or about August 31, 2022, Defendant accuses Ms. Pham in Vietnamese of having committed welfare fraud and/or adultery with someone named Tran Duy An: "Either you borrowed his address to receive welfare (fraud) or you left your husband from 1994 to 1997 to stay with another man????"

16. Welfare fraud is a criminal offense involving moral turpitude for which Ms. Pham, if the charge is true, may be indicted and punished.

17. Adultery is a criminal offense involving moral turpitude for which Ms. Pham, if the charge is true, may be indicted and punished.

18. Ms. Pham has never committed welfare fraud.

19. Ms. Pham has never committed adultery.

20. Defendant made the above-described statements knowing they were false or in reckless disregard of whether they were false or not.

21. The above-quoted statements were made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Ms. Pham personally, socially, and financially.

**DEFAMATORY STATEMENT #3**

22. In her Facebook text post published on or about August 31, 2022, Defendant accuses Mr. Ha in Vietnamese of being a "communist":

> I also thank your grandfather for teaching you and the Vietnamese socialist school for training you to be a communist who took the bank's money and turned other people's earned properties from working hard into your properties.

23. Mr. Ha is not now, and has never been, a communist.

24. Defendant made the above-described statement knowing it was false or in reckless disregard of whether it was false or not.

25.     In addition to being false and defamatory on its face, this statement has a special defamatory meaning due to the circumstances under which it was published—being that of a Vietnamese person publishing to a Vietnamese community and accusing another Vietnamese person of being a communist.

26.     This defamatory statement is colored by the history of the communist country of Vietnam and the fact that those in the Vietnamese community—many of whom fled communist Vietnam's brutality when they came to the United States—take accusations of being a communist as being among the worst possible insults to one's character and one's personal and business reputation.

27.     The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Mr. Ha personally, socially, and financially.

### DEFAMATORY STATEMENT #4

28.     In her Facebook text post published on or about August 31, 2022, Defendant, writing in Vietnamese, accuses Mr. Ha and "his business" of having "committed bank fraud."

29.     Bank fraud is a criminal offense involving moral turpitude for which Mr. Ha and his business, if the charge is true, may be indicted and punished.

30.     Mr. Ha has never committed bank fraud.

31.     Mr. Ha's business has never committed bank fraud.

32.     Defendant made the above-described statement knowing it was false or in reckless disregard of whether it was false or not.

33.     The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Mr. Ha personally, socially, and financially.

**DEFAMATORY STATEMENT #5**

34. In her Facebook text post published on or about August 31, 2022, Defendant, writing in Vietnamese, republishes Hung Ho's false and defamatory accusation that Mr. Ha and Ms. Pham paid for "HNM"—Hoang Nhat Minh—to "pour period blood on people's head."

35. Assaulting someone with bodily fluids is a criminal offense involving moral turpitude for which Mr. Ha and Ms. Pham, if the charge is true, may be indicted and punished.

36. Mr. Ha never paid or otherwise caused anyone to pour any type of blood or other fluids on anyone.

37. Ms. Pham never paid or otherwise caused anyone to pour any type of blood or other fluids on anyone.

38. Defendant made the above-described statement knowing it was false or in reckless disregard of whether it was false or not.

39. The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Mr. Ha personally, socially, and financially.

40. The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Ms. Pham personally, socially, and financially.

**DEFAMATORY STATEMENT #6**

41. In her Facebook video livestream published on or about August 7-8, 2022, Defendant, speaking in Vietnamese, accuses Ms. Pham of being a "criminal."

42. Ms. Pham is not a criminal.

43. Defendant made the above-described statement knowing it was false or in reckless disregard of whether it was false or not.

44. The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Ms. Pham personally, socially, and financially.

### DEFAMATORY STATEMENT #S 7 TO 9

45. In her Facebook video livestream published on or about August 7-8, 2022, Defendant, speaking in Vietnamese, accuses Ms. Pham of being an adulterer at least three times:

> When her husband was working outside, she made a telephone call to a guy. I caught them. The guy was Hai Nau. Hai Nau liked her c***. They said that there was also Linh My there, but I knew, Linh My was not there, there were only two of them. That was what I could catch. You can think over, what I couldn't see.

***

> Duy An Tran and Jenny D Pham shared this address from January 4th, 1994 to July 1st, 1994. There were six months. They lived here, Number 3922, for six months. Here is Duy Con Tran's house, the house of Duy Con Tran, you see, the same address as Duy An Tran's address.

***

> Why did you have to wait for two years, you waited from ninety-two, ninety-three to two thousand and eight which means that after more than ten years you made a marriage certificate…. We have the right to suspect you of cheating. Here, I have the right to suspect you of cheating.

46. Adultery is a criminal offense involving moral turpitude for which Ms. Pham, if the charge is true, may be indicted and punished.

47. Ms. Pham has never committed adultery.

48. Defendant made the above-quoted statements knowing they were false or in reckless disregard of whether they were false or not.

49. The above-quoted statements were made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Ms. Pham personally, socially, and financially.

## DEFAMATORY STATEMENT #10

50. In her Facebook video livestream published on or about August 7-8, 2022, speaking in Vietnamese, Defendant accuses Mr. Ha and Ms. Pham of having committed the heinous crime of sexual abuse of an animal: "that old Vinh held the pig's breast and sucked it, and finally the couple jumped in and sucked the last pig's nipple near that pig's c*** together with that old Vinh."

51. Mr. Ha has never engaged in sexual abuse of an animal.

52. Ms. Pham has never engaged in sexual abuse of an animal.

53. Sexual abuse of an animal is a criminal offense involving moral turpitude for which Mr. Ha and Ms. Pham, if the charge is true, may be indicted and punished.

54. Sexual abuse of an animal is a disgusting and loathsome crime, among the worst of the worst, and pigs are considered the dirtiest animals in Vietnamese culture.  Thus, Defendant's statement understood in context – having been made in Vietnamese about Vietnamese persons engaging in sexual abuse of an animal with a pig – is intended to harm permanently Mr. Ha and Ms. Pham's personal and business reputations.

55. Defendant made the above-quoted statement knowing it was false or in reckless disregard of whether it was false or not.

56. The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Mr. Ha and Ms. Pham personally, socially, and financially.

### DEFAMATORY STATEMENT #11

57. In her Facebook video livestream published on or about August 7-8, 2022, Defendant accuses Ms. Pham in Vietnamese of having lived with An Duy Tran for three years, and by implication that she had an adulterous affair with him:

> [T]hat means An Duy Tran and Jenny D Pham were together. This is not only that address from 1st January 94 to 1st July 94, lived together for 6 months, but also here, 1st July 95, An Duy Tran and Jenny D Pham were living at the same address from August 1st, 1995 to December 19th, 1997, living together two years four months and 21 days, at the same address, ok. Does it mean that six months plus two years and four months equals three years?

58. Adultery is a criminal offense involving moral turpitude for which Ms. Pham, if the charge is true, may be indicted and punished.

59. Ms. Pham has never committed adultery.

60. Defendant made the above-described statement knowing it was false or in reckless disregard of whether it was false or not.

61. The above-quoted statement was made by Defendant willfully, wantonly and maliciously with the intent and purpose of injuring Ms. Pham personally, socially, and financially.

### CLAIMS FOR RELIEF

### COUNT I

### DEFAMATION *PER SE*
### (FOR PRESUMED AND PUNITIVE DAMAGES)

62. Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

63. Defendant published Statements #s 1, 2, and 4 to 11 online accusing Plaintiffs of committing criminal offenses, including crimes involving moral turpitude, for which the party, if the charge is true, may be indicted and punished.

64. These criminal offenses include welfare fraud, sexual abuse of an animal, bank fraud, assault with bodily fluids, and adultery.

65. Defendant's Statements #s s 1, 2, and 4 to 11 were viewed and understood in the Vietnamese language by numerous persons other than Plaintiffs and Defendant.

66. Defendant's Statements #s s 1, 2, and 4 to 11 are defamatory *per se* in the Vietnamese language.

67. Defendant's Statements #s s 1, 2, and 4 to 11 are defamatory *per se* in their English translations.

68. Defendant published defamatory *per se* Statements #s s 1, 2, and 4 to 11 knowing they were false or in reckless disregard of whether they were false or not.

69. Defendant's defamatory *per se* Statements #s s 1, 2, and 4 to 11 were made with actual malice.

70. Defendant's defamatory *per se* Statements #s 4, 5 and 10 caused Plaintiff Johnny Ha to suffer impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish, and professional harm.

71. As a result, Mr. Ha is entitled to presumed damages in an amount greater than $75,000.

72. In addition, Mr. Ha is entitled to punitive damages in an amount to greater than $150,000.

73. Defendant's defamatory *per se* Statements #s 1, 2, and 5 to 11 caused Plaintiff Jenny Pham to suffer impairment of reputation, diminished standing in the community, personal

humiliation, injury and embarrassment, emotional distress and mental anguish, and professional harm.

74. As a result, Ms. Pham is entitled to presumed damages in an amount greater than $75,000.

75. In addition, Ms. Pham is entitled to punitive damages in an amount greater than $150,000.

## COUNT II

### DEFAMATION
### (FOR COMPENSATORY AND PUNITIVE DAMAGES)

76. Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

77. Defendant published Statement #3 online accusing Mr. Ha of being a communist.

78. Defendant's Statement #3 was viewed and understood in the Vietnamese language by numerous persons other than Plaintiffs and Defendant.

79. Defendant's Statement #3 is defamatory in the Vietnamese language.

80. Defendant's Statement #3 is defamatory in its English translation.

81. Defendant published Statement #3 knowing it was false or in reckless disregard of whether it was false or not.

82. Defendant's defamatory Statement #3 was made with actual malice.

83. Defendant's defamatory Statement #3 caused Mr. Ha to suffer impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish, and professional harm.

84. As a result, Mr. Ha is entitled to compensatory damages in an amount greater than $75,000.

85. In addition, Mr. Ha is entitled to punitive damages in an amount to be determined.

**WHEREFORE**, Plaintiffs request the following relief:

A.    On Count I, presumed damages for Mr. Ha in an amount to be determined at trial that is greater than $75,000, and also punitive damages in an amount to be determined at trial that is greater than $150,000;

B.    On Count I, presumed damages for Ms. Pham in an amount to be determined at trial that is greater than $75,000, and also punitive damages in an amount to be determined at trial that is greater than $150,000.

C.    On Count II, compensatory damages for Mr. Ha in an amount to be determined at trial that is greater than $75,000, and also punitive damages in an amount to be determined at trial that is greater than $150,000;

D.    An award of all allowable costs, fees and interest as to all Counts; and

E.    Such other and further relief that to the Court seems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial on all issues so triable.

Dated: December 6, 2022

Respectfully submitted,

*/s/ Andrew W. Stinson*
ANDREW W. STINSON
State Bar No. 24028013
CHELSEA L. MILAM
State Bar No. 24110538
RAMEY & FLOCK, PC
100 E. Ferguson Street, Suite 404
Tyler, TX 75702
903-597-3301
903-597-2413 fax
andys@rameyflock.com
chelseam@rameyflock.com

-13-

*Of counsel*:

Daniel A. Seff, Esq. *(pro hac vice forthcoming)*
MSK Attorneys
275 College Street, P.O. Box 4485
Burlington, VT 05406-4485
Phone: 802-861-7000 (x1190)
Fax: 802-861-7007
dseff@mskvt.com

*Attorneys for Plaintiffs Johnny Ha and
Jenny Pham (a/k/a Jenny Ha)*

-13-